UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMARIS J. WADE, | No. 2:24-cv-2936 AC P |
| Plaintiff, | |
| v. | ORDER |
| M. BURKHART, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations of the Complaint

The complaint alleges violations of plaintiff's First and Eight Amendment rights by prison staff at California State Prison, Sacramento, specifically by defendants Burkhart, Struve, Lindquist, Humphers, Odam, Tuyen, McNamara, D'Angelo, Judd, Maner, Barrios, Chavez, Spaulding, and Reese. EFC No. 1. During yard recall on August 25, 2024, prison staff began closing the gate and did not let plaintiff through. Id. at 6. Humphers told plaintiff to cuff up, and plaintiff followed his instructions but informed Humphers of his acromioclavicular (AC) separation on his left shoulder. Id. Humphers proceeded to roughly grab plaintiff's arm after

2

which Lindquist, McNamara, and Tuyen arrived at the scene and pushed plaintiff while shouting at him to stop resisting. Id. Plaintiff was slammed to the ground on his left side and punched in the face twice by Humphers, which rendered plaintiff unconscious. Id. He regained consciousness when Humphers punched him in the face a third time, after which he was hit in the face by Lindquist and in the upper and middle torso by Tuyen and McNamara. Id. Unspecified defendants put their knees in plaintiff's neck and back. Id. at 6-7.

At some point, D'Angelo lifted plaintiff off the ground and escorted him to the pedestrian sally port with Tuyen, where he was stripped naked while Reese, a nurse, looked over his injuries but did not document anything. Id. at 7. Plaintiff was allowed to put his clothes back on and was then placed in a cage for several hours where he experienced major pain from being slammed on his left side. Id. He sustained injuries including cuts to both eyebrows, active bleeding, and swollen areas on his face and left side of his body, and underwent surgery for his AC separation on October 16, 2024. Id. at 6-7.

Plaintiff also alleges that he has been targeted by unspecified officers because he has searched for legal representation to assist with his claims. Id. at 9. He asserts that his injuries were not documented, he was denied access to the law library, he was initially denied the opportunity to file a grievance, and his mail is being tampered with. Id.

III.     Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid Eighth Amendment excessive force claim against defendants Humphers, Lindquist, Tuyen, and McNamara.[2]

IV.     Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief against Burkhart, Struve, Odam, D'Angelo, Judd, Maner, Barrios, Chavez, Spaulding, and Reese. The complaint does not allege any conduct by defendants Burkhart, Struve, Odam, Judd, Maner,

---

[2] Plaintiff also invokes the Ninth and Fourteenth Amendments. ECF No. 1 at 8-9. However, the facts alleged do not implicate either amendment and are instead consistent with claims for Eighth Amendment excessive force and First Amendment retaliation.

Barrios, Chavez, and Spaulding, and therefore does not state any claims against these defendants. Further, plaintiff fails to allege facts showing that defendant D'Angelo either used excessive force against him or was present at a time when he could have intervened in the use of force by Humphers, Lindquist, Tuyen, and McNamara. Plaintiff's allegations that Reese failed to document his injuries are insufficient to demonstrate that Reese either used excessive force or was deliberately indifferent to his serious medical need.

Plaintiff has also failed to state a valid retaliation claim against any defendants because he has not specified any defendant who has taken adverse action against him. Similarly, plaintiff's claim that his injuries were not treated does not support a deliberate indifference claim against any defendant because he does not identify who denied him treatment, and he has not stated any claims for failure to protect because he has not identified any defendant who had the opportunity to intervene in the use of force but did not. It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

V. Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants Humphers, Lindquist, Tuyen, and McNamara on the Eighth Amendment excessive force claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss his First Amendment retaliation claim, Eighth Amendment deliberate indifference and failure to protect claims, and all claims against defendants Burkhart, Struve, Odam, D'Angelo, Judd, Maner, Barrios, Chavez, Spaulding, and Reese. The court will proceed to immediately serve the complaint and order a response from defendants Humphers, Lindquist, Tuyen, and McNamara.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV. If plaintiff chooses this option, the court will set a**

**deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI. <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated an Eighth Amendment excessive force claim against defendants Humphers, Lindquist, Tuyen, and McNamara. However, you have not stated a retaliation, deliberate indifference, or failure to protect claim against any defendant, nor have you stated any claims against defendants Burkhart, Struve, Odam, D'Angelo, Judd, Maner, Barrios, Chavez, Spaulding, and Reese.

You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment excessive force claim against defendants Humphers, Lindquist, Tuyen, and McNamara and voluntarily dismiss the other claims and defendants; or (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. <u>See</u> Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff has not stated any viable First Amendment retaliation claims or Eighth Amendment deliberate indifference or failure to protect claims. Plaintiff also has not stated any viable claims against defendants Burkhart, Struve, Odam, D'Angelo, Judd, Maner, Barrios, Chavez, Spaulding, and Reese for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his excessive force claim pursuant to the Eighth Amendment against defendants Humphers, Lindquist, Tuyen, and McNamara as set forth in Section III above, or to file an amended complaint.

5.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of his retaliation, deliberate indifference, and failure to protect claims and all claims against defendants Burkhart, Struve, Odam, D'Angelo, Judd, Maner, Barrios, Chavez, Spaulding, and Reese.

DATED: August 27, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMARIS J. WADE,<br><br>           Plaintiff,<br><br>    v.<br><br>M. BURKHART, et al.,<br><br>           Defendants. | No.  2:24-cv-2936 AC P<br><br><u>NOTICE OF ELECTION</u> |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eight Amendment excessive force claims against defendants Humphers, Lindquist, Tuyen, and McNamara without amending the complaint.  Plaintiff understands that by choosing this option, his retaliation, deliberate indifference, and failure to protect claims, as well as all claims against defendants Burkhart, Struve, Odam, D'Angelo, Judd, Maner, Barrios, Chavez, Spaulding, and Reese will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

                                                                       _____
                                                                       Damaris J. Wade
                                                                       Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Excessive Force

"[T]he Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, the court looks to "[1] the extent of

1

injury suffered by an inmate," as well as "[2] the need for application of force, [3] the relationship between that need and the amount of force used, [4] the threat 'reasonably perceived by the responsible officials,' and [5] 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321).  While a *de minimis* use of force does not violate the Eighth Amendment, a plaintiff does not have to suffer a serious injury to state a claim for relief. Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

### B. Retaliation

To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An adverse action is an act (or failure to act) by prison officials which causes harm, and "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out." Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (emphasis in original).  To show defendants retaliated "because of" the plaintiff's actions, the plaintiff must show the defendants were motivated by his protected conduct.  See Crawford-El v. Britton, 523 U.S. 574, 592 (1998) (proof of defendant's general animosity toward plaintiff would not necessarily show her conduct was motivated by plaintiff's protected conduct).  Protected conduct refers to acts taken by the plaintiff that are protected by the First Amendment and may include lawsuits and grievances, as well as verbal complaints or threats to sue.  See Rhodes, 408 F.3d at 567 (prisoners have a First Amendment right to file prison grievances and pursue civil litigation); Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (prisoners have "First Amendment right to report staff misconduct"); Jones v. Williams, 791 F.3d 1023, 1036 (9th Cir. 2015) (threats to sue constitute protected conduct); Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (form of complaint, including verbal, "is of no constitutional significance").

////

C. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding the appropriate course of treatment does not by itself amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A difference of opinion rises to the level of deliberate indifference when "the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Toguchi, 391 F.3d at 1058 (alteration in original) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

D. Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer

3

1  v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second,
2  the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate
3  indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The
4  official is not liable under the Eighth Amendment unless he "knows of and disregards an
5  excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable
6  measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an
7  inmate from harm is not actionable under § 1983. Id. at 835.

      E.  Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor cannot be held responsible for the conduct of his subordinates just because he is their supervisor. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.